**Vahid Mojarad HAMZEI, Petitioner,**

**v.**

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 04–72465.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 8, 2005.*

Decided Nov. 15, 2005.

Vahid Mojarad Hamzei, Fullerton, CA, pro se.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: WALLACE, LEAVY, and BERZON, Circuit Judges.

MEMORANDUM **

Vahid Mojarad Hamzei, a native and citizen of Iran, petitions pro se for review of an order of the Board of Immigration Appeals ("BIA") affirming an immigration judge's order denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for substantial evidence, *Berroteran–Melendez v. INS,* 955 F.2d 1251, 1256 (9th Cir.1992), we deny the petition for review.

The record does not compel a finding that Hamzei is credible. *See Kaur v. Gonzales,* 418 F.3d 1061, 1064 (9th Cir.2005). The BIA's adverse credibility determination was supported by specific and cogent reasons, that is, "such evidence as a reasonable mind might accept as adequate to support a conclusion." *Berroteran–Melendez,* 955 F.2d at 1256. As such, Hamzei has failed to show eligibility for asylum,

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

withholding of removal, or CAT relief. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156–57 (9th Cir.2003). To the extent Hamzei now argues that he is entitled to relief under the CAT on the basis of general country conditions alone, he failed to raise any such claim before the BIA, where he was represented by counsel, and we therefore lack jurisdiction to consider it. *See Garcia–Martinez v. Ashcroft,* 371 F.3d 1066, 1079 n. 5 (9th Cir.2004).

PETITION FOR REVIEW DENIED.